UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WAYNE MORUZIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:12-cv-114-JMS-WGH |
| | ) | |
| WARDEN, FEDERAL CORRECTIONAL COMPLEX, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Directing Further Proceedings**

**I.**

It has been determined in No. 2:12-cv-19-WTL-DKL the petitioner asserts a claim challenging the duration of his confinement. That claim was therefore severed from his civil rights complaint and has been docketed as shown above.

This court may entertain a petition for a writ of habeas corpus Aon behalf of a person in custody pursuant to the judgment of a State only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.@ 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

The information Mr. Moruzin has provided, however, is inadequate to support either a coherent understanding of the basis for his challenge to his confinement or a reasonable conclusion that he could be entitled to relief.

**II.**

In view of the foregoing, petitioner Moruzin shall have **through June 11, 2012,** in which to **file an amended petition for a writ of habeas corpus** which coherently sets forth his claim(s) for relief. He is obligated to do nothing less. *Mayle v. Felix,* 545 U.S. 644, 661 (2005) (AHabeas Corpus Rule 2(c) . . . instructs petitioners to >specify all available grounds for relief= and to >state the facts supporting each ground.=@). By Aclaims@ as used in this setting are meant the recognized principles of law which, as applied to the facts and circumstances of the computation of the petitioner's sentence, show that computation to be incorrect and violative of the petitioner=s rights.

**IT IS SO ORDERED.**

Date: 05/16/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Wayne J. Moruzin**
**40989-050**
**United States Penitentiary**
**P.O. Box 33**
**Terre Haute, IN 47808**